UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD JAMES HILLS,<br><br>　　　　　　Plaintiff(s),<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant(s). | CASE NO. 2:24-cv-01207-TL<br><br>ORDER |

This matter is before the Court on Plaintiff's Letter of Judicial Notice (Dkt. No. 8) and Judicial Notice (Dkt. No. 9). Based on the inclusion of sensitive information in the letter, notice, and various attachments thereto, Plaintiff is directed to file appropriately redacted versions of the documents specified below within twenty-one (21) days of this order.

As a preliminary matter, Plaintiff's letter asserts that the undersigned U.S. District Judge improperly sealed Plaintiff's motion for declaratory judgment (Dkt. No. 6) without Plaintiff's knowledge or consent. Dkt. No. 8 at 2–3. The Court advises that Plaintiff's motion is not sealed.

ORDER - 1

1 Rather, Plaintiff's motion was docketed in accordance with rules that apply to actions for
2 benefits under the Social Security Act. Under Federal Rule of Civil Procedure 5.2(c)(1), "in an
3 action for benefits under the Social Security Act," only parties and their attorneys may have
4 remote electronic access to any part of the case file. "Any other person may have electronic
5 access to the full record *at the courthouse*, but may have remote electronic access only to: the
6 docket maintained by the court; and an opinion, order, judgment, or any other disposition of the
7 court, but not any other part of the case file or the administrative record." Fed. R. Civ. P.
8 5.2(c)(2)(A)–(B) (emphasis added). Plaintiff's motion is publicly accessible, but by rule only via
9 terminals located at the courthouse. Therefore, when accessing the motion via remote electronic
10 access, a warning message that "[t]his document is restricted to court users, case participants,
11 and public terminals" appears. However, this does not mean that the motion has been sealed.

12   The Court notes that merely restricting to the courthouse public access to case records
13 does not alleviate all privacy risks, especially when those records contain sensitive information
14 such as financial accounting numbers and social security numbers. As a result, Local Civil Rule
15 (LCR) 5.2(a) requires that social security numbers be redacted in their entirety and that financial
16 accounting information be redacted to the last four digits.

17   Exhibit 1 to Plaintiff's Letter of Notice (Dkt. No. 8-1) and Plaintiff's Judicial Notice
18 (Dkt. No. 9), as well as exhibits 1 and 2[1] to that notice (Dkt. Nos. 9-1, 9-2), contain Plaintiff's
19 social security number and/or financial accounting information. Therefore, to protect this
20 sensitive information from the general public and to comply with LCR 5.2(a), these documents
21 are hereby SEALED, and documents will need to be re-filed with redactions as required by the
22 local rule.

23

24 [1] Plaintiff labels these exhibits as Attachment A and Attachment B.

ORDER - 2

Therefore, the Court ORDERS as follows:

1. The Court DIRECTS the Clerk of Court to return the documents and attachments filed at Docket Numbers 8 and 9 to Plaintiff so that he may properly redact and re-file them.

2. The Court ORDERS Plaintiff to file appropriately redacted versions of Dkt. Nos. 8-1, 9, 9-1 and 9-2 within **twenty-one (21) days** of this Order or **October 8, 2024**.

Dated this 17th day of September 2024.

Tana Lin
United States District Judge

ORDER - 3