UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD JAMES HILLS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cv-01207-TL<br><br>ORDER ON MOTION TO REMAND AND MOTION FOR DECLARATORY JUDGMENT |

This matter is before the Court on the Commissioner of Social Security's motion to remand the instant case to the Commissioner for further administrative action (Dkt. No. 13), and Plaintiff's Motion for Declaratory Judgment (Dkt. No. 14). Having reviewed the motions and the relevant record, the Court GRANTS the Commissioner's motion and DENIES Plaintiff's motion.

## I.　BACKGROUND

This case arises out of Plaintiff Edward James Hills's request for judicial review of an administrative ruling issued by the Social Security Administration ("SSA"). *See generally* Dkt. No. 6; Dkt. No. 4 at 1 (construing case as "complaint seeking review under 42 U.S.C. § 405(g)").

ORDER ON MOTION TO REMAND AND MOTION FOR DECLARATORY JUDGMENT - 1

On May 16, 2024, Plaintiff was scheduled to attend an administrative hearing in Seattle, Washington, on the issue of "whether [he was] overpaid benefits within the meaning of section 1631 of the Social Security Act and, if so, whether recovery of the overpayment may be waived." Dkt. No. 14 at 18–19. On June 7, 2024, Administrative Law Judge C. Howard Prinsloo dismissed Plaintiff's request for a hearing, on the grounds that Plaintiff did not appear at his hearing in May. *Id.* at 14–15. On August 8, 2024, Plaintiff, proceeding *pro se* (without an attorney) and *in forma pauperis*, filed the instant complaint seeking judicial review of Judge Prinsloo's decision. Dkt. No. 6.

On October 7, 2024, the Commissioner filed the instant motion to remand this case for further administrative action on the basis that, prior to filing the instant complaint in district court, Plaintiff first sought administrative review before the SSA's Appeals Council. Dkt. No. 13 at 1–2. "However," the Commissioner asserts, "no request for review was initiated by the Appeals Council." *Id.* at 2. The Commissioner now "request[s] that the Court remand this case to the agency under sentence six of 42 U.S.C. § 405(g), [so that] the Appeals Council [can] consider Plaintiff's request for review." *Id.* Plaintiff did not oppose the Commissioner's motion.

On October 10, 2024, Plaintiff filed the instant motion for declaratory judgment. Dkt. No. 14.

## II.     DISCUSSION

### A.    Commissioner's Motion to Remand

As an initial matter, the Court notes that Plaintiff did not oppose the Commissioner's motion. Under Local Civil Rule 7(b)(2), "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Under sentence six of 42 U.S.C. § 405(g), "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the

Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89, 100 n.2 (1991) (describing parameters of sentence six). Thus, "[W]here the Commissioner requests a remand before answering the complaint, the court must find (1) a motion of the Commissioner (2) made for good cause shown (3) before the filing of an answer." *Kris K. v. Kijakazi*, No. C20-515, 2022 WL 11128045, at *2 (S.D. Cal. Oct. 18, 2022) (citation and internal quotation marks omitted).

Here, all three elements are satisfied. As to the first and third elements, the Commissioner has duly filed a motion to remand. Dkt. No. 13. And the Commissioner has not yet filed an answer to Plaintiff's complaint.

As to the second element, "good cause," the Commissioner, like many district courts when ruling on similar motions, cites House Conference Report No. 96-944, which provides examples of "good cause" within this context. *E.g.*, *Kris K.*, 2022 WL 11128045, at *3 n.2; *Newborn v. Colvin*, No. C12-3153, 2017 WL 216703, at *4 (E.D. Wash. Jan. 18, 2017); *Loper v. Astrue*, No. C08-408, 2009 WL 537540, at *1 (D. Haw. Mar. 4, 2009); *Hudson v. Barnhart*, No. C03-1111, 2003 WL 22290210, at *1 (N.D. Cal. Sept. 22, 2003). In Report No. 96-944, issued in connection with the Social Security Disability Amendments of 1980, the Joint Conference Committee of Congress advised that a situation where a "claimant's files cannot be located or are incomplete" would constitute good cause for remand under sentence six of Section 405(g). H.R. Rep. No. 96-944, at 59 (1980) (Conf. Rep.); *see* Dkt. No. 13 at 2.

In the instant motion, the Commissioner asserts that "Plaintiff submitted correspondence to the [SSA] Appeals Council on July 15, 2024, requesting review of the Administrative Law Judge's (ALJ's) dismissal. However, no request for review was initiated by the Appeals

1  Council." Dkt. No. 13 at 1–2. The Commissioner argues that this constitutes a "procedural

2  defect[]," and therefore "good cause for remand" as contemplated by Congress. *Id.* at 2.

3        The Court agrees with the Commissioner. The Appeals Council's failure to initiate

4  Plaintiff's request for review led to an "incomplete" file, which is good cause for remand. *See*

5  H.R. Rep. No. 96-944 at 59. The Commissioner does not explain why the Appeals Council did

6  not initiate Plaintiff's request, but even in cases where a file is incomplete because the SSA has

7  "lost" or "cannot locate" case materials, courts have found good cause to remand. *See, e.g.*,

8  *Buera v. Astrue*, No. C07-1051, 2008 WL 2225619, at *1 (E.D. Cal. May 28, 2008); *Hudson*,

9  2003 WL 22290210, at *1; *Cleveland v. Massanari*, No. C00-2457, 2001 WL 1464538, at *1

10 (N.D. Cal. Nov. 5, 2001). Here, the result of SSA's failure to initiate Plaintiff's request for

11 review is similar to the result when a document or recording has been lost: an incomplete file.

12 Further, given Plaintiff's non-opposition to the Commissioner's motion, the Court finds remand

13 appropriate. Therefore, the Court GRANTS Commissioner's Motion to Remand (Dkt. No. 13).

14       Because this is a remand pursuant to sentence six of 42 U.S.C. § 405(g), the Court retains

15 jurisdiction over the case. If the outcome on remand is unfavorable to Plaintiff, he may seek

16 judicial review under this case rather than by filing a new complaint. If the outcome is favorable

17 to Plaintiff, the parties will move this Court for entry of judgment.

### B. Plaintiff's Motion for Declaratory Judgment

19       Plaintiff's Motion for Declaratory Judgment contains four requests: First, Plaintiff

20 requests that the Court "ORDER Social Security Administration to adequately calculate his

21 benefits from 8/2019 go [*sic*] present date plus 29.89% interest." Dkt. No. 14 at 8. Second,

22 Plaintiff requests that the Court "find ALJ Prinsloo violated [*sic*] committed fraud by claiming

23 [Plaintiff's] appeal was a Supplemental Social Secularist [*sic*] Application when the notices for

24 hearing clearly shows the hearings [*sic*] was for an alleged over payment." *Id.* Third, Plaintiff

requests that the Court "find[] Social Security Employee acted in bad faith violating [Plaintiff's] due process right to continue receiving his benefits and unlawfully withholding cause [*sic*] irrevocable harm." *Id.* Fourth, Plaintiff requests that the Court "find any other equitable determination it deem [*sic*] just and appropriate." *Id.*

Judicial review of the Commissioner's decision regarding Social Security entitlements is not available until an individual has exhausted their administrative remedies. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302–03 (9th Cir. 1992)). Moreover, under 42 U.S.C. § 405(h), administrative exhaustion is a *jurisdictional* requirement for judicial review of an SSA decision. *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975); *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 975 (9th Cir. 2020).

Because the Court here remands Plaintiff's case to the Commissioner for further action, the case remains pending in its administrative forum, and the posture of Plaintiff's administrative complaint is such that he has not exhausted his administrative remedies. "[T]he Commissioner's decision is not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1162 (9th Cir. 2012). Here, the Appeals Council has done neither. Thus, until the Appeals Council rules, this Court does not have jurisdiction over this case and no jurisdiction to consider Plaintiff's motion. Therefore, the Court DENIES Plaintiff's Motion for Declaratory Judgment.

### III.     CONCLUSION

For the reasons stated in this Order, the Court ORDERS as follows:

1. The Commissioner's Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (Dkt. No. 13) is GRANTED. This action is REMANDED to the Commissioner of Social Security for further proceedings.

2. Plaintiff's Motion for Declaratory Judgment (Dkt. No. 14) is DENIED.

3. Plaintiff's "Motion for Emergency Order to Borrowing on the General Credit of Hills, Edward James Estate to Hiring Counsel for Eviction, to Purchase Food, Clothes, and Hygiene Products" (Dkt. No. 15) is STRICKEN as premature and moot.

Dated this 6th day of November 2024.

Tana Lin
United States District Judge