UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD JAMES HILLS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cv-01207-TL<br><br>ORDER ON MOTION FOR DISQUALIFICATION |

This matter is before the Court on Plaintiff Edward James Hills's motion that seeks the disqualification of the undersigned. Dkt. No. 32. Having reviewed the motion and the relevant record, the Court DENIES the motion and REFERS the matter to the Honorable David G. Estudillo, Chief Judge of the Western District of Washington, in accordance with Local Civil Rule 3(f).

## I.   LEGAL STANDARD

"[J]udges are as bound to recuse [them]selves when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). A judge must voluntarily recuse

ORDER ON MOTION FOR DISQUALIFICATION – 1

herself if, *inter alia*, her "impartiality might reasonably be questioned," or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). But "[s]uch bias must derive from an extrajudicial source." *Nelson v. Wash. Bd. of Indus. Appeals*, No. C25-5551, 2025 WL 1888125, at *1 (W.D. Wash. June 30, 2025) (citing *Agha-Khan v. Mortg. Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 504564, at *1 (9th Cir. Feb. 18, 2022)). And "[a]bsent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. "Conclusory statements are of no effect. Nor are . . . unsupported beliefs and assumptions." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Once a party has made a timely and sufficient showing that a district court judge has a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. In close cases, the balance tips in favor of recusal. *Holland*, 519 F.3d at 912 (internal citation omitted). Under this Court's Local Civil Rules, if a judge challenged under 28 U.S.C. §§ 144 or 455 declines to voluntarily recuse herself from a case, "she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

## II.    DISCUSSION

Plaintiff makes several arguments in support of disqualification, which the Court will discuss in turn.

### A.    Race and Ethnicity

Plaintiff's first argument is that the undersigned "exhibited no respect for brown Indian people like [Plaintiff] . . . . This may have something to do with President Donald J. Trump and his imposing Tariffs on China as her way of getting back at Americas [*sic*]. Particularly black and brown Indians in America." Dkt. No. 32 at 1. Plaintiff asserts further that the undersigned

"knows not to do what she has done in Plaintiff's case to any individual of European person." *Id.* Plaintiff does not present any evidence of bias, however, and refers only to the Court's November 6, 2024, Order (Dkt. No. 16) that remanded this case to the Social Security Administration for further administrative proceedings. *See* Dkt. No. 32 at 1. In his motion, Plaintiff asserts that remanding the case was "frivolous."

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) (holding that "prior adverse rulings of a judge" are insufficient to show bias or prejudice); *Nelson*, 2025 WL 1888125, at *2 (holding that rulings in a case are not "extrajudicial" sources). Moreover, because the time has come and gone for Plaintiff to have sought reconsideration of this decision—the appropriate avenue for challenging the Court's orders—the Court will not engage in substantive analysis of already-settled issues. *See* LCR 7(h) (providing that a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed").[1] Therefore, Plaintiff's disagreement with the Court's remand order cannot provide a basis for disqualification.

As to Plaintiff's race- and ethnicity-based arguments, these are speculative and have been presented without any concrete evidence of bias. Accordingly the Court rejects them.

**B.     Conspiracy**

Plaintiff appears to allege a conspiracy between, among others, the undersigned, an administrative law judge of the Social Security Administration, and a United States Magistrate Judge in this District. *See* Dkt. No. 32 at 3. The narrative that Plaintiff provides in his motion is difficult to follow. At its heart, however, Plaintiff asserts substantial disagreement with the

---

[1] Plaintiff appealed the order to the Ninth Circuit (*see* Dkt. No. 17). The Ninth Circuit dismissed the appeal for lack of jurisdiction. *See* Dkt. No. 20 (USCA Order).

Court's November 16, 2024, Order, as well as with an order issued by the Honorable David W. Christel, United States Magistrate Judge, on August 8, 2024. *See id.* at 3–4 (citing Dkt. Nos. 4, 16). A party's dissatisfaction with the Court's rulings, however vehement, is not indicative of criminal activity, and such disagreement is not grounds for disqualification. *See Liteky*, 510 U.S. at 555.

**C.     Redaction**

Plaintiff argues that the Court's September 17, 2024, Order, which sealed several documents that included "Plaintiff's social security number and/or financial accounting information" (Dkt. No. 10 at 2) and: (1) "direct[ed] the Clerk of Court to return the documents and attachments filed at Docket Numbers 8 and 9 to Plaintiff so that he may properly redact and re-file them"; and (2) "order[ed] Plaintiff to file appropriately redacted versions of Dkt. Nos. 8-1, 9, 9-1 and 9-2 within twenty-one (21) days of th[e] Order" (*id.* at 3), was improper and, from Plaintiff's position, illegal. *See* Dkt. No. 32 at 5–6. The Court rejects this as a basis for disqualification.

First, Plaintiff's assertion that the Court "intentionally misstated Local Rule 5.2 to justify sealing, contrary to the text allowing the last four digits" (*id.* at 5), is incorrect. The Court's Order stated that the basis for invoking Local Civil Rule 5.2 was the inclusion of "Plaintiff's social security number and/or financial accounting information" in several Court filings. Dkt. No. 10 at 2. Local Civil Rule 5.2(a)(3) requires that social security numbers be "redact[ed] in their entirety." Second, Plaintiff's assertion that "[t]he judge deprived me of access to my own trust records, harming property and procedural rights without lawful basis" (Dkt. No. 32 at 5), is unreasonable on its face. Plaintiff provided these records to the Court himself. *See* Dkt. Nos. 8, 9, 9-1, 9-2. To the extent that Plaintiff was "deprived of access" to his own records, it is because Plaintiff opted to mail them to the Court without first making the required redactions. Third,

Plaintiff's assertion that "[t]h[e] sealing prejudiced the filing process, delaying or preventing adjudication, contrary to § 351(a)" (Dkt. No. 32 at 5), is merely a conclusory restatement of the law, not a substantive allegation of misconduct. Subsection 351(a) provides, in its entirety:

> Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct.

Plaintiff does not identify any specific delay, nor does he demonstrate how such a delay might have "prejudiced the filing process." Finally, Plaintiff's challenge amounts to a disagreement with a prior Court order, which cannot provide the basis for a judge's disqualification. *Liteky*, 510 U.S. at 555.

### III. CONCLUSION

Therefore, Plaintiff's motion for disqualification (Dkt. No. 32) is DENIED. The Clerk of Court is DIRECTED to REFER this matter to the Honorable David G. Estudillo, Chief Judge of the Western District of Washington, as required by Local Civil Rule 3(f).

Dated this 6th day of November 2025.

Tana Lin
United States District Judge

ORDER ON MOTION FOR DISQUALIFICATION – 5