UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD JAMES HILLS,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:24-cv-01207-TL<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 32) |

      This matter comes before the Court on United States District Judge Tana Lin's denial (Dkt. No. 34) of Plaintiff's motion for her recusal (Dkt. No. 32). Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" herself, she must "direct the clerk to refer the motion to the chief judge." Plaintiff's motion for recusal seeks relief under § 455. (Dkt. No. 32 at 1.) Accordingly, this Court now reviews Judge Lin's decision not to recuse.

ORDER ON MOTION FOR RECUSAL (DKT. NO. 32) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry focused on the appearance of impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. Such bias or prejudice must derive from more than standard disagreements with court rulings. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff's complaint is hard to follow, but he appears to allege the Social Security Administration ("SSA") is withholding his benefits (while an SSA appeal is pending) "as punishment for challenging corruption" within the agency. (Dkt. No. 6 at 6.) After the complaint was filed, Judge Lin issued an order returning Plaintiff's Letter of Notice (Dkt. No. 8-1) and Plaintiff's Judicial Notice and accompanying exhibits (Dkt. Nos. 9; 9-1; 9-2) because they contained Plaintiff's social security information and/or financial accounting information. (Dkt. No. 10 at 2–3.) She then sealed the documents to "protect this sensitive information from the general public" and ordered Plaintiff to file "appropriately redacted versions" of the documents. (*Id.*)

On October 7, 2024, Defendant filed a motion to remand for further administrative proceedings. (Dkt. No. 13.) Thereafter, Plaintiff filed motions for declaratory judgment and an emergency order. (Dkt. Nos. 14, 15.) Judge Lin granted the motion to remand on November 6, 2024, because the SSA Appeals Council failed to initiate Plaintiff's request for a review, leading to an "'incomplete'" file. (Dk. No. 16 at 4.) She also denied Plaintiff's motion for declaratory judgment because the case "remain[ed] pending in its administrative forum" and thus Plaintiff

had not yet exhausted his administrative remedies. (*Id.* at 5.)  Plaintiff appealed this decision to the Ninth Circuit (Dkt. No. 17), which dismissed the appeal for lack of jurisdiction because Judge Lin's order was not final (Dkt. No 20).

Plaintiff then filed a "Motion and Affidavit for an Order Directing Social Security to Reinstate Edward James Hills Supplemental Security Income Based on His Notice of Award Letter and Release Back Payment from 11/2019 to Present Date and an Investigation into Who Authorized Withholding of Federal Benefits" (Dkt. No. 23), which Judge Lin denied, because the SSA had not yet taken final agency action in Plaintiff's case (Dkt. No. 24 at 2).  Plaintiff appealed a second time (Dkt. No. 27) and the Ninth Circuit again dismissed the appeal for lack of jurisdiction (Dkt. No. 28).  He then filed a letter to Attorney General Pam Bondi (Dkt. No. 31) and his motion for recusal on October 17, 2025 (Dkt. No. 32).[1]  Judge Lin denied Plaintiff's motion for recusal on November 6.  (Dkt. No. 34.)

Broadly speaking, Plaintiff appears to take issue with the court's order remanding the case to the SSA for further proceedings, alleging the remand was "frivolous."  (Dkt. No. 32 at 1.)  But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not a sufficient cause for recusal."). The proper avenue for Plaintiff to address his disagreement with Judge Lin's remand order is a motion for reconsideration, which should have been filed within fourteen days of the order to remand.  *See* LCR 7(h).  He did not file within that timeframe.  Plaintiff's appeal to the Ninth

---

[1] In the interim, Defendant filed a motion to reopen the case and set a briefing schedule on October 27, 2025, informing the court that the administrative proceedings were completed and the case was ready for further district court proceedings. (Dkt. No. 33 at 2.)  That motion remains pending while this Court reviews Judge Lin's denial of Plaintiff's motion for recusal.

ORDER ON MOTION FOR RECUSAL (DKT. NO. 32) - 3

1  Circuit was also denied for lack of jurisdiction, because Judge Lin's order is not final.  (*See* Dkt.

2  No. 20.)  Plaintiff cannot use a recusal motion as a back-door avenue to challenge the substance

3  of an order he does not like.

4        Plaintiff also appears to allege that Judge Lin engaged in a conspiracy with the

5  administrative law judge overseeing Plaintiff's SSA case and United States Magistrate Judge

6  David W. Christel, purportedly to deny him his benefits.  (Dkt. No. 32 at 3.)  Plaintiff claims

7  Judge Lin has "abused her authority" by instructing the Clerk to "transfer all pleadings received

8  from Petitioner to her so she can challenge Petitioner['s] claims on behalf of [the] Social

9  Security Administration instead of directing SSA Attorneys to respond."  (*Id.*)  At its core, this

10  allegation is just a repackaged version of Plaintiff's argument that the remand to the

11  Commissioner was "frivolous."  (*Id.* at 1.)  As the Court has discussed, a disagreement with the

12  outcome of a court order is not grounds for recusal.  *Liteky*, 510 U.S. at 555.

13        Next, Plaintiff alleges that Judge Lin "exhibited no respect for brown Indian people like

14  [Plaintiff]" and speculates "this may have something to do with President Donald J. Trump and

15  his imposing Tariffs on China as her way of getting back at . . . particularly black and brown

16  Indians in America."  (Dkt. No. 32 at 1.)  Plaintiff baldly asserts "[s]he knows not to do what she

17  has done in Plaintiff's case to any individual of European person."  (*Id.*)  These statements are

18  speculative and do not warrant granting Plaintiff's motion.  *See Reed v. Paramo*, Case No.: 18-

19  CV-361 JLS (DEB), 2023 WL 116335, at *4 (S.D. Cal. Jan. 5, 2023) (denying recusal motion in

20  part because the plaintiff's "threadbare insinuation" that the judge was prejudiced against him on

21  account of his race was "wholly unsupported"); *Rivera v. Gen. Cof. of Seventh-Day Adventists*,

22  Civ. No. 95–1121–AS, 1995 WL 689356, at *1 (D. Or. Nov. 13, 1995) (denying recusal motion

23  based on an "unsupported contention" the court's ruling was racially motivated); *Williams v.*

24

ORDER ON MOTION FOR RECUSAL (DKT. NO. 32) - 4

*Corcoran State Prison*, Case No. 1:21-cv-01009-JLT-BAM (PC), 2022 WL 1093976, at *2 (E.D. Cal. Apr. 12, 2022) (denying recusal motion where the plaintiff's conclusory allegations of racial bias were "based on nothing more than speculation").

Next, Plaintiff argues that Judge Lin's order sealing several of Plaintiff's exhibits that contained "sensitive information" (*see* Dkt. No. 10 at 2–3), including his social security number, was improper. (Dkt. No. 32 at 5–6.) Plaintiff alleges Judge Lin violated Local Civil Rule 5.2, which he claims permits the last four digits of social security numbers to appear in public filings, when she "[f]alsely claimed that *full redaction* was required." (*Id.* at 5.) But in her order, Judge Lin correctly invoked Local Rule 5.2(a)(3), which requires parties to "redact in the[] entirety" social security numbers and taxpayer-identification numbers. (Dkt. No. 10 at 2.)

Plaintiff then argues Judge Lin deprived him of access to his own trust records, "harming property and procedural rights without lawful basis." (Dkt. No. 32 at 5.) But from the record, it appears Plaintiff himself mailed his records to the court, which were subsequently returned to him on Judge Lin's order. (*See* Dkt. No. 10 at 3.) To the degree Plaintiff was without access to his records for a period of time, it was because he sent them to the court without first making proper redactions in accordance with the local rules. This assertion therefore cannot serve as the basis for recusal.

Plaintiff next argues "this sealing prejudiced the filing process, delaying or preventing adjudication, contrary to § 351(a)." (Dkt. No. 32 at 5.) This argument is unavailing. The entirety of 28 U.S.C. § 351(a) reads,

> Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct.

Plaintiff has not identified any conduct that has been "prejudicial to the effective and expeditious administration" of this matter, nor that Judge Lin is unable to "discharge all duties of office" by reason of some disability. 28 U.S.C. § 351(a). As the Court has stated, Plaintiff has not established grounds for Judge Lin's recusal beyond his dissatisfaction with her order remanding his case to the SSA. But judicial rulings, without more, are not a valid basis for recusal. *Liteky*, 510 U.S. at 555.

Finally, to the extent Plaintiff bases his recusal motion on his assertion that Judge Lin and United States District Judge Jamal N. Whitehead ordered a Burien police officer to his friend's home to intimidate Plaintiff "because I've exposed their corruption against me [and] possible [sic] others that look like me" (Dkt. No. 32 at 6), that assertion is unsupported by objective evidence. "'A party cannot manufacture grounds for recusal by fantastical allegations.'" *Ferguson v. Waid*, Case No. 2:17-cv-01685-RSM, 2025 WL 2271487, at *2 (W.D. Wash. June 18, 2025) (citing *Royer v. Pa. State Univ.*, No. 03:00–cv–290–KRG–KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012) *recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted)).

Accordingly, Plaintiff has presented no arguments or evidence that could reasonably call Judge Lin's impartiality into question. The Court thus AFFIRMS Judge Lin's denial (Dkt. No. 34) of Plaintiff's motion for recusal (Dkt. No. 32).

Dated this 10th day of November 2025.

David G. Estudillo
United States District Judge