UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD JAMES HILLS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 2:24-cv-01207-TL

ORDER ON MOTION FOR WRIT OF
MANDAMUS

This matter is before the Court on Plaintiff's submission captioned as "Writ of Mandamus." Dkt. No. 39. Having reviewed the filing, the Court STRIKES it as an improper pleading.

Two issues preclude the Court from docketing the submission.

First, the submission, construed liberally, appears to be a petition for writ of mandamus brought under 28 U.S.C. § 1361. *See* Dkt. No. 39 at 6. It is directed toward four judges in this District, including the undersigned. *See id.* at 5. Although Petitioner's objective in presenting the submission is not entirely clear, he has named the United States District Court, Western District of Washington (Seattle Division) as one of the purported "Defendants." *Id.* at 6–7. Federal Rule of Appellate Procedure 21 governs a petition for "a writ of mandamus or prohibition directed to a

court." Fed. R. App. P. 21(a)(1). Among the formal and procedural requirements prescribed by the Rule is a directive that the petition be "file[d] . . . with the circuit clerk and serve[d] . . . on all parties to the proceeding in the trial court." *Id.* Although Plaintiff has filed two interlocutory appeals with the Ninth Circuit (*see* Dkt. Nos. 17, 25), he has not filed a petition for writ of mandamus, at least as far as the Court is aware.

Second, a petition for a writ of mandamus is a cause of action. 28 U.S.C. § 1361; *see Freedom Watch, Inc. v. Obama*, 807 F. Supp. 2d 28, 33–34 (D.D.C. 2011) (describing a writ of mandamus as a "non-statutory review action" that might be available to a plaintiff where a statute does not contain a private cause of action) (collecting cases); *Recinos v. Comm'r of Soc. Sec.*, No. C23-5183, 2023 WL 3304223, at *1 (W.D. Wash. May 8, 2023) ("A Writ of Mandamus would be an entirely separate lawsuit . . . ."). As such, it must be properly pleaded pursuant to Federal Rule of Civil Procedure 8. That is, a request for writ of mandamus cannot simply be appended to a pleading as a matter of course, then seamlessly incorporated into the case. Instead, the case's operative pleading—in this case, a complaint (Dkt. No. 6)—must be properly amended under Federal Rule of Civil Procedure 15, to include the new cause(s) of action.

Plaintiff has not filed a motion seeking leave to amend his complaint. Rule 15(a)(1) provides a party may amend its pleading without first obtaining permission from the Court or the opposing party "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Neither circumstance applies here. Consequently, Plaintiff "may amend [his] pleading *only with [Defendant's] written consent or the [C]ourt's leave.*" Fed. R. Civ. P. 15(a)(2) (emphasis added). Plaintiff's motion does not indicate that he has obtained Defendant's

ORDER ON MOTION FOR WRIT OF MANDAMUS – 2

written consent (*see generally* Dkt. No. 39), and Plaintiff has not requested leave from the Court to amend his complaint.

The Court has "inherent power to control [its] docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Such power "includes the power to strike items from the docket . . . ." *Id.* (collecting cases). "[D]istrict courts in this circuit generally strike or dismiss new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." *White v. City of West Sacramento*, No. C20-2383, 2022 WL 16748701, at *2 (E.D. Cal. Nov. 7, 2022) (collecting cases).

Therefore, Plaintiff's "Writ of Mandamus" (Dkt. No. 39) is STRICKEN.

Dated this 9th day of April, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR WRIT OF MANDAMUS – 3